# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| LAURA HOLMES, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 14-1243 (RMC) |
| FEDERAL ELECTION COMMISSION, | ) ) ) | |
| Defendant. | ) ) | |

## CERTIFICATION OF QUESTIONS OF CONSTITUTIONALITY OF FEDERAL ELECTION CAMPAIGN ACT

The Federal Election Campaign Act (FECA) limits donor contributions to $2,600 per person/per candidate/per election, *i.e.*, general, special, primary, or runoff election. Plaintiffs Laura Holmes and Paul Jost wanted to combine their primary and general election contributions so that each Plaintiff could contribute $5,200 to their preferred candidates in the general 2014 congressional election, without wasting money on the primary. Plaintiffs do not argue that, under *Citizens United v. Federal Election Comm'n,* 558 U.S. 310 (2010), they should be allowed to make unlimited financial contributions. Instead, they allege that the FECA per-election limit on their contributions violates their constitutional rights under the First and Fifth Amendments. This Court denied their motion for a preliminary injunction and Plaintiffs now seek certification of two questions of constitutionality to the United States Court of Appeals for the District of Columbia Circuit.

The Court previously held that Plaintiffs were unlikely to succeed on the merits of their constitutional challenge to FECA. Nonetheless, the law requires that "[t]he district court shall immediately certify all questions of constitutionality of [the] Act to the United States court

1

of appeals for the circuit involved, which shall hear the matter sitting en banc." 2 U.S.C. § 437(h) (now 52 U.S.C. § 30110).[1]  One district court has found that its prerogative under § 437(h) was "not to answer any constitutional questions, or to render a judgment of any kind," but rather to only "make findings of fact that will allow the Court of Appeals to answer the [certified] constitutional questions." *Speechnow.org v. Federal Election Com'n*, Civ. No. 08-0248 (JR), 2009 WL 3101036, at *1 (D.D.C. Sept. 28, 2009).  Another has held that § 437(h) requires certification unless the Court finds the questions presented are "'frivolous' or 'settled principles of law.'" *Libertarian Nat'l Comm., Inc. v. FEC*, 930 F. Supp. 2d 154, 165 (D.D.C. 2013) (quoting *Khachaturian v. FEC*, 980 F.2d 330, 331 (5th Cir. 1992)).  In an abundance of caution, the Court will so certify and makes the necessary findings of fact below.

A. **FINDINGS OF FACT**

1. **Defendant FEC**

    - The Federal Election Commission (FEC) is a federal government agency charged with administering, interpreting, and enforcing the Federal Election Campaign Act (FECA), 2 U.S.C. §§ 431-57.

    - Under FECA as amended, individual persons may contribute no more than $2,600 per candidate, per federal election.  *See* 2 U.S.C. § 441a(a); FEC, *Price Index Adjustments for Contribution and Expenditure Limitations and Lobbyist Bundling Disclosure Threshold*, 78 Fed. Reg. 8530, 8532 (Feb. 6, 2013) (FEC Price Index Adjustments) (limit on individual contributions to federal candidates in the 2013-2014 election cycle is $2,600 per candidate, per election).

---

[1] Effective September 1, 2014, the provisions of FECA codified in Title 2 were transferred to 52 U.S.C. §§ 30101-30146.  Because this suit was filed before September 1, Plaintiffs' briefs cite to Title 2 and all parties have continued that convention for clarity.

- An election is defined as "a general, special, primary, or runoff election." 2 U.S.C. § 431(1)(A).

- The total amount that an individual may contribute to a particular candidate during a full election cycle depends on the number of elections in which that candidate runs. For example, if the candidate runs in both a primary and a general election, an individual may contribute a total of $5,200—$2,600 for the primary campaign and $2,600 for the general election campaign. If the candidate must also participate in a runoff election, an individual may contribute an additional $2,600 for that election campaign, for a total possible contribute of $7,800. *See* 2 U.S.C. § 441a(a); FEC Price Index Adjustments.

- FEC has adopted regulations on how contributions are to be allocated among these elections. Contributors "are encouraged to designate their contributions in writing for particular elections." 11 C.F.R. § 110.1(b)(2)(i).

- If a contribution is not so designated, it is presumed to be for "the next election for that Federal office after the contribution is made." *Id.* § 110.1(b)(2)(ii). If a contribution is designated for an election that has already occurred, it can be used to satisfy outstanding net debts from that election. To the extent that a contribution to a past election exceeds that amount, it must be refunded, redesignated to a future election, or reattributed as from another contributor. *Id.*

- "Redesignation" means that a candidate running in a general election "may spend unused primary contributions for general election expenses;" however, those contributions "continue to apply toward the contributors' limits for the primary" and do not prevent the same contributor from giving $2,600 for the general

election campaign. FEC Campaign Guide, *Congressional Candidates and Committees June 2014*, at 21, available at http://www.fec.gov/pdf/candgui.pdf (citing 11 C.F.R. § 110.3(c)(3)) (last visited Oct. 20, 2014) (retained in Court file).

- As a result of the rules on redesignation, if a party candidate has no opposition in the primary election, an individual can contribute $2,600 for the primary campaign and $2,600 for the general election campaign and the candidate can use both amounts ($5,200) in the general election campaign alone.

- It is on the basis of the rules allowing redesignation that Plaintiffs complain that some individuals can contribute $5,200 to candidates in a general election whereas they, who chose not to contribute to candidates facing opposition in their primary campaigns, could not.

## 2. **Plaintiffs Holmes and Jost**

- Plaintiffs Laura Holmes and Paul Jost are a married couple, residing in Miami, Florida.

- Ms. Holmes supported Carl DeMaio, a general election candidate for California's 52nd Congressional District (CA-52). Mr. DeMaio finished second in the primary election behind incumbent Scott Peters, who was the only member of the Democratic Party on the primary ballot to represent CA-52.

- Under California's "Two Two" primary system, all candidates for the United States Congress are listed on the same primary ballot and the two candidates who receive the most votes, regardless of party affiliation, compete in the general election. *See*

4

No Party Preference Information, California Secretary of State, http://www.sos.ca.gov/elections/no-party-preference.htm (last visited Nov. 7, 2014).

- Ms. Holmes did not make any contributions to Mr. DeMaio before the primary election but contributed $2,600 to his general election campaign.

- Mr. Jost supported Marionette Miller-Meeks, a general election candidate for Iowa's Second Congressional District.

- Mr. Jost contributed $2,600 to Dr. Miller-Meeks only after she won the primary election; he made no contribution to any candidate in the Iowa primary.

- During the general election campaign, Dr. Miller-Meeks faced incumbent David Loebsack, who was the only candidate on the ballot in the Democratic Party primary for Iowa's Second Congressional District.

- Ms. Holmes wanted to contribute an additional $2,600 to Mr. DeMaio and Mr. Jost wanted to contribute an additional $2,600 to Dr. Miller-Meeks during the general election campaigns but they were prevented from doing so by FECA and FEC regulations.

- Plaintiffs did not want to exceed the contribution limit of $5,200 for the combined primary and general election periods, but each wanted to give $5,200 solely for use in the general election.

3. **Procedural Background**

- Plaintiffs filed suit on July 21, 2014, alleging that FECA's contribution limit of $2,600 per individual/per candidate/per election is unconstitutional as applied to them, where Plaintiffs wanted to contribute no money to any primary candidate and contribute a full $5,200 to general election candidates. *See* Compl. [Dkt. 1].

- Plaintiffs sought a declaratory judgment and injunction barring enforcement against them of the per-election provisions of FECA and the FEC regulations in the 2014 federal elections. *Id.*

- On August 28, 2014, Plaintiffs filed a motion for a preliminary injunction [Dkt. 6].

- After full briefing, this Court denied the motion for a preliminary injunction on October 20, 2014 [Dkt 15].

- In response to the Court's Order to Show Cause, Plaintiffs sought certification of two constitutional questions to the D.C. Circuit [Dkt. 17].

- Plaintiffs' complaint is not mooted by the November 4, 2014 election inasmuch as the same limitations would apply to their contributions in the next federal election in which they wish to contribute to a candidate.

B. **CONSTITUTIONAL QUESTIONS**

As requested by Plaintiffs, the Court **CERTIFIES** the following two constitutional questions to the D.C. Court of Appeals for en banc consideration pursuant to 2 U.S.C. § 437(h) (now 52 U.S.C. § 30110):

1. When federal law limits individual contributors to giving $2,600 to a candidate for use in the primary election and $2,600 to a candidate for use in the general election and denies Plaintiffs the ability to give $5,200 to a candidate solely for use in the general election, does it violate Plaintiffs' rights of freedom to associate guaranteed by the First Amendment, U.S. Const. amend, I?

2. When federal law limits individual contributors to giving $2,600 to a candidate for use in the primary election and $2,600 to a candidate for use in the general election and denies Plaintiffs the ability to give $5,200 to a candidate solely for use in the general election, does it violate Plaintiffs' rights to Due Process, in the context of equal protection of the law, guaranteed by the Fifth Amendment, U.S. Const. amend. V?

   **SO ORDERED.**

Date: November 12, 2014                                         /s/
                                                    ROSEMARY M. COLLYER
                                                    United States District Judge